UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONNA HETTINGER,

                        Plaintiff,

v.                                                     Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,         **JURY TRIAL DEMANDED**

                        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA).

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Donna Hettinger is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card debt to MBNA. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff defaulted on the subject debt.

12. That Defendant NCO was employed by MBNA or it's successor in interest to collect the subject debt.

13. That in or around January through March of 2008, Defendant began making multiple telephone calls per day on multiple days per week to Plaintiff.

14. That well prior to January of 2008, Plaintiff made an oral request to Defendant that they cease and desist from making any further telephone calls to her, and repeated that request numerous times thereafter.

15. That in one such call, Defendant left a message on Plaintiff's answering machine falsely representing that they were calling on behalf of "Blue-Cross, Blue Shield," a company that provides health insurance coverage. Plaintiff returned the telephone call to discover that it was in fact Defendant attempting to collect on the subject debt. Plaintiff thereafter asked Defendant whether they represent "Blue-Cross, Blue Shield," to which Defendant replied "Well, we do 'Blue-Cross, Blue Shield' cases."

16. That during the telephone call described in paragraph 14 herein, Defendant thereafter transferred Plaintiff to another employee, who thereafter demanded payment. Plaintiff responded that she was "on disability," and that she did not have any money. Defendant responded, "You know, if you're not going to do anything, I am going to send some of my friends over to your house to rough you up." Plaintiff became frightened and asked, "Are you telling me you're going to send someone to my house to break my arms?" Defendant replied, "Yes," and hung up on Plaintiff.

17. That upon conclusion of the aforementioned telephone conversation, Plaintiff thereafter called first her daughter and then her sister, hysterical with fear. Plaintiff became so upset that she made upwards to five calls a day to her daughter or sister in order to express how afraid she was.

18. That approximately three weeks later, Defendant again called Plaintiff by telephone and spoke with her. During said telephone conversation, Defendant told Plaintiff, "You're going to go to Hell!" and hung up the telephone.

19. That as a result of Defendant's acts Plaintiff became extremely nervous, upset, anxious, paranoid, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(1) and 15 U.S.C. §1692d(2) by using a threat of violence and other language, the natural consequence of which was to abuse Plaintiff.

    B. Defendant violated 15 U.S.C §1692f by using unfair and unconscionable means to attempt to collect on the subject debt.

    C. Defendant violated U.S.C. §1692d, U.S.C. §1692d(5), U.S.C. §1692c(a)(1) by calling Plaintiff by telephone on numerous occasions after her specific requests that they stop calling her.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiff Donna Hettinger demands trial by jury in this action.

Dated: March 10, 2008

s/Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Donna Hettinger affirms that the following statements are true and correct under penalties of perjury:

I am the Plaintiff in this civil proceeding.

I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: March 10, 2008

                                                                         s/Donna Hettinger\
                                                                         Donna Hettinger